# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ASTRID BICKERS, ET AL.,**
**INDIVIDUALLY AND ON BEHALF OF**
**OTHERS SIMILARLY SITUATED,**

        **Plaintiffs,**

**-vs-**                        **Case No. 6:07-cv-2002-Orl-28KRS**

**WINN DIXIE STORES, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEBTOR'S MOTION TO TRANSFER PROCEEDING TO JACKSONVILLE DIVISION (Doc. No. 5)**
>
> **FILED:**    **December 26, 2007**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs sued Defendant Winn Dixie Stores, Inc. (Winn Dixie) for alleged violations of chapter 760, Florida Statutes. Winn Dixie removed the case to this Court pursuant to 28 U.S.C. § 1452(a) and requests that this Court transfer the case to the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division where Winn Dixie's bankruptcy is pending.

In response to an order from this Court, Plaintiffs contend that the case should not be transferred because it was not appropriately removed to this Court.[1]  Doc. No. 9.  Plaintiffs' filing raises issues of the factual relationship of the present case to the pending bankruptcy proceeding that are best resolved by the bankruptcy court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 14, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] If Plaintiffs wish to file a motion to remand the case, they should do so in a separate motion filed in the transferree court.